Respondent, v. WILLIAM C. FELTER, Appellant.— Judgment and order affirmed, with costs. No opinion. Mills, Blackmar and Jaycox, JJ., concur; Jenks, P. J., and Kelly, J., dissent.

HERBERT BRECHT, an Infant, by HENRIETTA BRECHT, His Guardian ad Litem, Respondent, v. EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN, Appellant.— Judgment and order reversed and new trial granted, with costs to abide the event, upon the ground that the trial justice erred to the substantial prejudice of defendant in refusing to charge the request at folio 417, and also at folio 426, in instructing the jury that the pole had not been accepted by the city prior to the accident. Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ., concur.

HENRIETTA BRECHT, Respondent, v. EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN, Appellant.— Judgment and order reversed and new trial granted, with costs to abide the event, upon the ground that the trial justice erred to the substantial prejudice of defendant in refusing to charge the request at folio 417, and also at folio 426, in instructing the jury that the pole had not been accepted by the city prior to the accident. Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ., concur.

ANNA CAMPBELL, Respondent, v. ITALO DA PARMA and JACOB M. HOSK-WITH, Copartners, etc., Appellants, and DAVID WEINSTEIN, Defendant.— Judgment and order reversed and new trial granted, costs to abide the event. The charge of the learned court imposed upon the appellants the duty of making the premises reasonably safe. The proper measure of appellants' duty was to use reasonable care to protect plaintiff and all others rightfully upon the premises from pitfalls and hidden dangers. Appellants were also entitled to have charged the requests found at folios 606, 607, 610 and 611. Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ., concur.

JOHN CAMPBELL, Respondent, v. ITALO DA PARMA and JACOB M. HOSK-WITH, Copartners, etc., Appellants, and DAVID WEINSTEIN, Defendant.— Judgment and order reversed and new trial granted, costs to abide the event. The charge of the learned court imposed upon the appellants the duty of making the premises reasonably safe. The proper measure of appellants' duty was to use reasonable care to protect the plaintiff and all others rightfully upon the premises from pitfalls and hidden dangers. The appellants were also entitled to have charged the requests found at folios 606, 607, 610 and 611. Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ., concur.

PASQUALE D'AMBRA, Respondent, v. PHILIP RHINELANDER, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

HENRY DAVIDSON, Respondent, v. STEPHEN BULKLEY, Individually and as Surviving Partner of the Firm of DAVIDSON & BULKLEY, Appellant, and Others, Defendants. (Action No. 1.) — Motion granted so far as to permit plaintiff's attorney to file the second demand as part of the record of this appeal; and order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the service of the amended answer did not waive plaintiff's demand for change of venue. Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ., concur.